IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TECHNOLOGY ADVANCEMENT GROUP, INC.,

       Plaintiff,

v.                                      CIVIL ACTION NO. 2:13cv89

IVYSKIN, LLC,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Technology Advancement Group, Inc. ("TAG")'s Motion

for Default Judgment against Defendant IvySkin, LLC. ECF No. 18. Defendant did not file a

response to Plaintiff's motion. The Court held a hearing on this matter on June 26, 2014, and it

is accordingly now ripe for judicial determination. For the reasons stated herein, Plaintiff's

Motion for Default Judgment is **GRANTED**. It is **ORDERED** that judgment be entered on

behalf of Plaintiff and against Defendant, in a total amount of **$68,409.68**. Defendant is also

**PERMANENTLY ENJOINED AND RESTRAINED** from certain acts as outlined at the

conclusion of this Order.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 19, 2013, Plaintiff filed its Complaint against Defendant, alleging that

Defendant infringed three of its patents through its sale of protective cases for portable

computing devices. ECF No. 1. TAG states that it is a small business that provides information

technology solutions for the defense industry, that it has invested heavily in developing

intellectual property in the area of systems for protecting portable computing devices, and that it

owns three patents relevant to the instant dispute. *Id.* ¶¶ 9-10. It alleges that IvySkin sells protective cases for portable computing devices, and that these cases infringe on TAG's patents. *Id.* ¶¶ 11-13.

The Complaint includes three counts of direct infringement, one for each of TAG's patents. As relief for the alleged infringement, it seeks: 1) a declaration that IvySkin's products are infringing pursuant to 35 U.S.C. § 271, 2) an injunction restraining IvySkin and its officers from infringing all three patents, 3) an award of compensatory damages, prejudgment interest, and costs for the infringement of all three patents, 4) that compensatory damages be trebled under 35 U.S.C. § 284, and 5) that the Court declare the case exceptional and award TAG attorneys' fees under 35 U.S.C. § 285. *Id.* at 5-7.

On April 8, 2013, the clerk docketed a letter motion for an extension of time from Mike Panahi, the founder and registered agent of IvySkin, LLC. ECF No. 5. *See also* ECF No. 1 at 1. He listed his address on the letterhead as 282 Grand Ave., Englewood, NJ 07631, and asked for a 90 day extension to obtain representation. *Id.* He stated that he could not afford legal representation and could also not afford Plaintiff's settlement offer. *Id.* Panahi also stated that he has not infringed TAG's patents because "products were never manufactured." *Id.* On April 16, 2013, the executed summons was returned. ECF No. 7. It indicated that Panahi had been served with the Complaint at the Englewood address on April 1, 2013. *Id.* On April 18, 2013, the Court granted Defendant's motion for an extension of time, directed Defendant to retain counsel, and directed than an Answer be filed no later than July 1, 2013 (a 71 day extension). ECF No. 8.

On June 26, 2013, Mr. Panahi filed another letter motion for extension of time. ECF No. 12. In that letter (still with the Englewood return address), Mr. Panahi requested a six month

extension to assemble a legal defense. *Id.* He noted that TAG is a "non-producing entity in plastic protective cases," and attached a "Non-Infringement and Invalidity Report," written by a lawyer that analyzed the issues in the case and concluded there was no infringement. *Id.* On July 5, 2013, the clerk entered a Notice to Counsel which directed Plaintiff's counsel to file a status report within 15 days and noting that it could file a request for entry of default if Defendant were in default. On July 11, 2013, Plaintiff filed a Request for Entry of Default and a Status Report, ECF Nos. 9, 10, and on July 16, 2013, the clerk entered default pursuant to Rule 55(a), ECF No. 11.

On August 1, 2013, the Court granted IvySkin's second motion for an extension of time and directed IvySkin to file an answer no later than September 15, 2013. ECF No. 13. It also vacated the prior entry of default. *Id.* On October 9, 2013, the clerk entered another Notice to Counsel. ECF No. 14. On October 15, 2013, Mr. Panahi filed a third letter motion (again from the Englewood address) which asked to have the case transferred to the U.S. District Court for the District of New Jersey on the grounds that Defendant never conducted business in Virginia or sold products there. ECF No. 15. He also reiterated that TAG was a non-practicing entity. *Id.* On October 17, 2013, the Court denied the motion to transfer but granted Defendant a third extension of time, directing IvySkin to file its Answer no later than November 15, 2013. ECF No. 16.

On December 4, 2013, the clerk again entered default as to IvySkin. ECF No. 17. On January 17, 2014, Plaintiff filed the instant Motion for Default Judgment, and certified that it had served IvySkin at the Englewood address. ECF No. 18. Receiving no response from Defendant, on April 8, 2014, the Court scheduled a hearing on the motion for June 26, 2014 and mailed

notice of the hearing to Defendant at the Englewood address.  On April 16, 2014, the notice of hearing was returned as undeliverable.  ECF No. 21.

In its Motion for Default Judgment, TAG moved for a default judgment of $174,039.35 as well as permanent injunctive relief.  It asserted that IvySkin "sells or offers for sale, and/or has sold or offered for sale" in the Eastern District of Virginia certain protective cases for portable computing devices which infringe TAG's patents.  Further, it contended that those cases are still being sold online through IvySkin's own website and through other online retailers.  Using a hypothetical negotiation method for calculating a reasonable royalty, TAG calculated actual damages as $43,988.04.  It stated that it based this conclusion on a recent license negotiation with a company similar to IvySkin.  The figure represents damages for the time period beginning February 25, 2013 and ending January 17, 2014.  TAG claimed that the start date, February 25, 2013, is the date on which IvySkin had knowledge that it was infringing.  The end date, January 17, 2014, is the day that TAG filed for default judgment.  It supported its computations of actual damages with, *inter alia*, an affidavit from TAG's owner.

TAG requested that actual damages be trebled pursuant to 35 U.S.C. § 284 on the grounds that IvySkin's infringement after having knowledge of the lawsuit was willful.  It also added $3,482.33 for prejudgment interest as of January 17, 2013, and further requested that the Court declare this case exceptional due to willful infringement and award attorneys' fees pursuant to 35 U.S.C. § 285, in the amount of $37,122.10.  Finally, TAG requested costs in the amount of $1,110.90.  In addition to the damages award, TAG requested entry of a permanent injunction against IvySkin enjoining it from infringing TAG's products through the sale of certain protective covers.

The Court held a hearing on Plaintiff's Motion on June 26, 2014. Mr. Panahi was present for the Defendant, although he was not represented by counsel. At the close of the hearing, the Court directed Plaintiff to submit a supplemental calculation of damages to reflect the additional passage of time since its last submission. Plaintiff complied with this instruction on July 7, 2014. ECF No. 24. It calculated actual damages resulting from Defendant's infringement as $134.52 per day, beginning February 25, 2013 (the date Plaintiff had knowledge of the lawsuit) and continuing through June 24, 2014, for a total of $65,242.20. It again requests that these damages be trebled for willfulness because Defendant has refused to stop selling the cases despite knowledge of Plaintiff's lawsuit, and because it has ignored the lawsuit. For largely the same reasons, it contends that it should be awarded attorneys' fees in the amount of $67,181.01. Finally, it seeks costs in the amount of $350, and prejudgment interest in the amount of $2,817.48. It calculated interest using a 3.25% rate applied to the non-trebled damages figure, computed for the time period February 25, 2013 to June 26, 2014. TAG again requests a permanent injunction.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require the clerk to enter default against a party from whom affirmative relief is sought when that party has "failed to plead or otherwise defend" its case. Fed. R. Civ. P. 55(a). When a plaintiff's claim is not for a sum certain, as in this case, the plaintiff must apply to the Court for default judgment, and if the party against whom the judgment is sought has appeared previously, that party must be served with written notice at least seven days prior to any hearing. Fed. R. Civ. P. 55(b)(2). Further, Rule 55(b)(2) provides that:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

"Upon default, the well-pled allegations in a complaint as to liability are taken as true,

although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422

(D. Md. 2005).  Default judgments are to be granted sparingly, with consideration to be given to,

among other factors, the question of whether a less severe sanction would suffice.  *See, e.g.,*

*Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*,

673 F.2d 725, 727-28 (4th Cir. 1982).  Entry of default judgment is committed to the sound

discretion of the Court and shall be reviewed only for abuse of discretion.  *Lolatchy*, 816 F.2d at

953-54.

### III. DISCUSSION

#### A.  Default Judgment

It is clear that IvySkin is in default, for it has repeatedly failed to file an answer or other

responsive pleading within the time extensions granted by the Court.  Instead, it has only asked

for more time to prepare its defense, to attain legal representation, and for a transfer to a judicial

district where it might better defend itself.  Moreover, IvySkin never retained counsel, although

directed by the Court to do so, and instead its founder communicated to the Court by sending

letters to the Court.  *United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008) ("[T]he

privilege of pro se representation is . . . denied to partnerships . . . ."). *See also Square Ring, Inc.*

*v. Talford*, 3:09CV84-RJC-DSC, 2009 WL 1872199 (W.D.N.C. June 29, 2009).

Given that Defendant is in default and that the clerk has entered default against

Defendant, the Court must next address whether notice was required, which depends on whether

IvySkin has "appeared" within the meaning of Rule 55, and if so, on whether Defendant was

given sufficient notice.  As to whether IvySkin had appeared prior to Plaintiff's application for

default judgment, IvySkin did not enter a formal appearance through counsel but has filed three letters with the Court, in which it requested additional time to prepare its defense, and also indicated that it had communicated with Plaintiff several times regarding a settlement. As Defendant communicated multiple times with both its opponent and the Court, and filed several letters expressing its intent to defend the suit, the Court concludes that it has appeared under Rule 55 and therefore is entitled to notice under that Rule. *See New York v. Green*, 420 F.3d 99, 105-06 (2d Cir. 2005) ("Circuits are divided on whether anything less than a formal appearance is necessary to actuate the notice requirement of Rule 55(b)(2). The prevailing view is that 'the notice requirement contained in Rule 55(b)(2)' applies not only to parties who have formally appeared, but also to 'those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit.'" (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970) (per curiam))). *See also Citizens Bank v. Parnes*, 376 F. App'x 496, 506 (6th Cir. 2010); *United States v. Mulvenna*, 367 F. App'x 348, 350-51 (3d Cir. 2010) ("[A]t the very least, the defendant must show an intent to defend to avoid default."). *But see Rutland Transit Co. v. Chicago Tunnel Terminal Co.*, 233 F.2d 655 (7th Cir. 1956) (noting that it is likely not an appearance when a party only requests several time extensions).

Given that Defendant has "appeared," it was entitled to notice of Plaintiff's application for a default judgment, seven days prior to any hearing. TAG included a certificate of service with its Motion for Default Judgment, filed in January 2014 (over five months prior to the hearing) certifying that it had served a copy of its motion to IvySkin at the Englewood address. Additionally, the clerk sent notice of the hearing to IvySkin over two months in advance, but it was returned as undeliverable. However, the United States Court of Appeals for the Eleventh

Circuit has noted that notice sent to the address on file that is returned as undeliverable is still sufficient under Rule 55(b), reasoning that the fact that a party "made himself impossible to contact cannot prevent the entry of default judgment." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993). *Accord Chanel, Inc. v. Various John Does Nos. 1-300*, Civil No. 08-413, 2009 WL 856452 (D.D.C. 2009). Notice of the hearing was sent to the same address at which Defendant was served with the Complaint and at the address which Defendant's representative himself used multiple times when he contacted the Court. *See also* Charles A. Wright, Arthur R. Miller, *et al.*, 10A Fed. Prac. & Proc. Civ. § 2687 (3d ed.) ("Notice of an application for the entry of a default judgment need not be in any particular form. The major consideration is that the party is made aware that a default judgment may be entered against him.").

Further, at the hearing Plaintiff stated that it has also emailed the Motion for Default Judgment to Defendant. Mr. Panahi responded that it has seen the email arrive but deleted it without reading it. Mr. Panahi also admitted to changing his address to P.O. Box without updating the Court. His attempts to evade service cannot prevent the entry of default judgment. And in any event, he stated that he did actually receive notice of the hearing through a phone call from the clerk, and he appeared at the hearing.

Having concluded that the procedural strictures of Rule 55 are satisfied, the Court further finds that entry of default judgment is appropriate. Defendant has been repeatedly made aware of the existence of this matter and has still failed to comply with the rules of procedure. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding default judgment proper where defendant did not appear at show cause hearing and did not respond to certified notices sent by the court). The Court has given Defendant multiple continuances so that

Defendant had a total of nine months in which to file an Answer.  From its repeated communications to the Court, moreover, it is clear that it is aware of this suit but has simply decided to ignore it.  *See* Charles A. Wright, Arthur R. Miller, *et al.*, 10A Fed. Prac. & Proc. Civ. § 2685 (3d ed.) (discussing courts' considerations in deciding whether to enter default judgment).  *See, e.g.*, *Pinpoint IT Services, LLC v. Atlas IT Export Corp.*,  2011 WL 2748685, at *11 (E.D. Va. 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 616863, at *3 (4th Cir. 1993) (unpublished table decision))( "[T]he extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.").  For these reasons, Plaintiff's Motion for Default Judgment is **GRANTED**.

## B.  Appropriate Relief

Having found that judgment should be entered in favor of Plaintiff, the Court must next determine the appropriate relief.  Although entry of default represents a concession and the factual allegations in the Complaint may be taken as true, a default does not concede the amount demanded.  Damages must therefore be proven to the Court, although the Court retains discretion to determine how the amount of damages are to be appropriately shown.  *E.g.*, *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794-96 (D. Md. 2010).

Plaintiff submits that it has incurred $65,242.20 in actual damages as a result of IvySkin's infringement based on a hypothetical negotiation method that was in turn based on its recent license negotiations with another party.  The Court finds its computation method supported by the evidence presented.

However, Plaintiff also submits that this amount should be trebled pursuant to 35 U.S.C. § 284, which provides simply that in a case of patent infringement, "the court may increase the

damages up to three times the amount found or assessed." As justification for its request for treble damages, TAG argues only that Defendant acted willfully because it continued to infringe after being made aware of the lawsuit. While willfulness can indeed be a basis of increased damages, the Court disagrees that simply continuing to infringe after a plaintiff files a complaint alleging patent infringement amounts to willfulness. To show willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1381 (Fed. Cir. 2008) (quoting *In re Seagate Tech, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). Plaintiff has not made this showing. Accordingly, the Court declines to enter treble damages.

The Court also finds that Plaintiff has not shown that it is entitled to attorneys' fees. TAG contends that this case is "exceptional" under 35 U.S.C. § 285 because IvySkin acted willfully by continuing to infringe after TAG filed its Complaint. *E.g.*, *Va. Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 885 (W.D. Va. 1995) ("As with enhancement of damages, a finding of willful infringement is sufficient to support an award of attorney's fees, but it does not mandate an award of attorney's fees."). But the Court has already concluded that Defendant's infringement was not willful. Plaintiff also emphasizes that Defendant has not responded to its lawsuit as a ground for finding the case exceptional. The United States Court of Appeals for the Federal Circuit has, however, held that "only a limited universe of circumstances warrant a finding of exceptionality in a patent case: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304-05 (Fed. Cir. 2009). The Court concludes that simply failing to respond to a lawsuit does not rise to this

standard. Indeed, Plaintiff has likely spent far less in attorneys' fees in this case than it would have had Defendant contested the case on its merits. *See Deckers Outdoor Corp. v. ShoeScandal.com, LLC*, No. CV 12-7382, 2013 WL 6185203 at *4 (C.D. Cal. Nov. 25, 2013) ("[A]lthough [Defendant] is blameworthy for its failure to file responsive pleadings, this is not sufficiently exceptional to warrant an attorneys'-fees award.").

TAG also requests an award of costs and prejudgment interest. The Court finds its request justified. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983) ("[P]rejudgment interest should ordinarily be awarded absent some justification for withholding such an award . . . .").

Finally, TAG requests permanent injunctive relief. Permanent injunctive relief is appropriate where Plaintiff shows that "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. et al. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As to the first and second factors, TAG asserts that continued infringement has and will injure its goodwill and reputation. The Court further concludes that the balance of hardships weighs in Plaintiff's favor as Defendant is in default and has provided Plaintiff with little alternative recourse. Finally, the public interest will be served by supporting the protection of Plaintiff's patents. Therefore, the Court will enter injunctive relief as described below.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment against Defendant IvySkin, LLC, is **GRANTED**. It is **ORDERED** that judgment be entered on behalf of Plaintiff and against

11

Defendant as follows: $65,242.20 in damages, $350 in costs, and $2,817.48 in prejudgment interest, for a total amount of **$68,409.68**.

Further, the Court enters permanent injunctive relief as follows: Ivyskin, LLC and its officers, directors, employees, agents, licensees, servants, successors, subsidiaries, assigns, and any and all persons acting in privity or in concert with them, are **PERMANENTLY ENJOINED AND RESTRAINED** from infringing, contributing to infringement by others, or inducing others to infringe Technology Advancement Group, Inc.'s U.S. Patent Nos. 7,522,412 B2, 7,843,686 B2, and 7,339,783 B2, which enjoining and restraint shall include without limitation the sale, offer to sell, use, importation, advertising, transfer, disposal, or promotion of IvySkin's Wrangler® for iPhone, Denali® for iPhone, and SmartCase® for iPhone and iPad, or the aiding and abetting of any other persons' performance of these acts.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties. The Order shall be sent to Defendant both at his previous address of record and to the address used on his most recent letter to the Court, ECF No. 23.

**IT IS SO ORDERED**.

Norfolk, Virginia
July 14, 2014

_____
/s/
Raymond A. Jackson
United States District Judge