IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



TECHNOLOGY ADVANCEMENT GROUP, INC.,

      Plaintiff,

v.

                                       **CIVIL ACTION NO. 2:13cv89**

IVYSKIN, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant IvySkin, LLC's Motion to Set Aside or Amend Default Judgment. ECF No. 31. For the reasons stated below, Defendant's motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 19, 2013, Plaintiff Technology Advancement Group ("TAG") filed its Complaint against Defendant Ivyskin, alleging that Ivyskin infringed three of its patents through its sale of protective cases for portable computing devices. ECF No. 1. TAG states that it is a small business that provides information technology solutions for the defense industry, that it has invested heavily in developing intellectual property in the area of systems for protecting portable computing devices, and that it owns three patents relevant to the instant dispute. *Id.* ¶¶ 9-10. It alleges that IvySkin sells protective cases for portable computing devices, and that these cases infringe TAG's patents. *Id.* ¶¶ 11-13.

The Complaint included three counts of direct infringement, one for each of TAG's patents. As relief for the alleged infringement, it seeks: 1) a declaration that IvySkin's products are infringing pursuant to 35 U.S.C. § 271, 2) an injunction restraining IvySkin and its officers

from infringing all three patents, 3) an award of compensatory damages, prejudgment interest, and costs for the infringement of all three patents, 4) trebled compensatory damages under 35 U.S.C. § 284, and 5) attorneys' fees under 35 U.S.C. § 285. *Id.* at 5-7. On April 1, 2013, the Complaint was served on Mike Panahi, the founder and registered agent of Ivyskin. ECF No. 7. The Summons warned Defendant that "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." ECF No. 4.

On April 8, 2013, the clerk docketed a letter motion for an extension of time from Mr. Panahi. ECF No. 5. Mr. Panahi asked for a 90 day extension to obtain legal representation. He stated that he could not afford legal representation and could also not afford Plaintiff's settlement offer. *Id.* Panahi also stated that he has not infringed TAG's patents because "products were never manufactured." *Id.* On April 18, 2013, the Court granted Defendant's motion for an extension of time, directed Defendant to retain counsel, and directed than an Answer be filed no later than July 1, 2013. ECF No. 8.

On June 26, 2013, Mr. Panahi filed a second letter motion for extension of time. ECF No. 12. He requested an additional six month extension to assemble a legal defense. *Id.* He further noted that TAG is a "non-producing entity in plastic protective cases," and attached a "Non-Infringement and Invalidity Report," written by a lawyer that analyzed the issues in the case and concluded there was no infringement. *Id.* On July 5, 2013, the clerk entered a Notice to Counsel which directed TAG's counsel to file a status report within 15 days and noting that it could file a request for entry of default if Ivyskin were in default. On July 11, 2013, TAG filed a Request for Entry of Default and a Status Report, ECF Nos. 9, 10, and on July 16, 2013, the clerk entered default pursuant to Federal Rule of Civil Procedure 55(a), ECF No. 11.

On August 1, 2013, the Court granted IvySkin's second motion for an extension of time and directed it to file an answer no later than September 15, 2013. ECF No. 13. It also vacated the prior entry of default. *Id.* On October 9, 2013, the clerk entered another Notice to Counsel. ECF No. 14. On October 15, 2013, the clerk docketed a third letter motion from Mr. Panahi (still acting without legal representation) which asked to have the case transferred to the U.S. District Court for the District of New Jersey on the grounds that Ivyskin never conducted business in Virginia or sold products there. ECF No. 15. On October 17, 2013, the Court denied the motion to transfer but granted Defendant a third extension of time, directing IvySkin to file its Answer no later than November 15, 2013. ECF No. 16.

On December 4, 2013, the clerk again entered default as to IvySkin. ECF No. 17. On January 17, 2014, Plaintiff filed a Motion for Default Judgment, and certified that it had served IvySkin at the address on file which Panahi had used for all of his previous letter motions. ECF No. 18. Receiving no response from Defendant, on April 8, 2014, the Court scheduled a hearing on the motion for June 26, 2014 and mailed notice of the hearing to Defendant at the address on file. On April 16, 2014, the notice of hearing was returned as undeliverable. ECF No. 21.

In its Motion for Default Judgment, TAG moved for a default judgment of $174,039.35 as well as permanent injunctive relief. It asserted that IvySkin "sells or offers for sale, and/or has sold or offered for sale" in the Eastern District of Virginia certain protective cases for portable computing devices which infringe TAG's patents. Further, it contended that those cases are still being sold online through IvySkin's own website and through other online retailers. Using a hypothetical negotiation method for calculating a reasonable royalty, TAG calculated actual damages as $43,988.04. It stated that it based this conclusion on a recent license negotiation with a company similar to IvySkin. The figure represents damages for the time period beginning

February 25, 2013 and ending January 17, 2014. TAG claimed that the start date, February 25, 2013, is the date on which IvySkin had knowledge that it was infringing. The end date, January 17, 2014, is the day that TAG filed for default judgment. It supported its computations of actual damages with, *inter alia*, an affidavit from TAG's owner.

TAG requested that actual damages be trebled pursuant to 35 U.S.C. § 284 on the grounds that IvySkin's infringement after having knowledge of the lawsuit was willful. It also added $3,482.33 for prejudgment interest as of January 17, 2013, and further requested that the Court declare this case exceptional due to willful infringement and award attorneys' fees pursuant to 35 U.S.C. § 285, in the amount of $37,122.10. Finally, TAG requested costs in the amount of $1,110.90. In addition to the damages award, TAG requested entry of a permanent injunction against IvySkin enjoining it from infringing TAG's products through the sale of certain protective covers.

The Court held a hearing on Plaintiff's Motion over five months after it was filed, on June 26, 2014. Mr. Panahi was present for the Defendant, although he was not represented by counsel. During the hearing, he acknowledged that he had changed his address without informing the Court, and that he had seen an email with TAG's Motion for Default Judgment but had deleted it without reading it. Tr. 18-19.

At the close of the hearing, the Court directed Plaintiff to submit a supplemental calculation of damages to reflect the additional passage of time since its initial submission. Plaintiff complied with this instruction on July 7, 2014. ECF No. 24. Using the same method that it used in its initial calculation, TAG calculated actual damages resulting from Defendant's infringement as $134.52 per day, beginning February 25, 2013 (the date Plaintiff had knowledge of the lawsuit) and continuing through June 24, 2014, for a total of $65,242.20. It again

requested that damages be trebled for willfulness because Defendant refused to stop selling the cases despite knowledge of Plaintiff's lawsuit and ignored the lawsuit. For largely the same reasons, TAG contended that it should be awarded attorneys' fees in the amount of $67,181.01. Finally, it sought costs in the amount of $350, and prejudgment interest in the amount of $2,817.48. It calculated interest using a 3.25% rate applied to the non-trebled damages figure, computed for the time period February 25, 2013 to June 26, 2014. TAG again requested a permanent injunction.

On July 14, 2014, the Court signed and filed an Order granting the Motion for Default Judgment. ECF No. 29. The Court entered the actual damages that TAG requested, along with costs, attorneys' fees, and a somewhat narrower permanent injunction than TAG's request. The Court declined, however, to award trebled damages or attorneys' fees, finding that TAG had failed to make the requisite showing. That Order was entered on the docket the next day, on July 15, 2014.

Also on July 14, 2014, Defendant, newly represented by counsel who noticed their appearance the same day, filed a Motion to Set Aside Default or Limit Damages pursuant to Federal Rule of Civil Procedure 55(c). ECF No. 27. In light of the Court's order filed the same day, Defendant subsequently withdrew that motion and instead filed the instant Motion to Set Aside or Amend Default Judgment pursuant to Rules 60(b) and 59(e). ECF Nos. 31, 32. Plaintiff filed a Memorandum in Opposition on July 31, 2014, ECF No. 38, and Defendant filed their Reply on August 7, 2014, ECF No. 39. The matter is accordingly fully briefed and ripe for disposition.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require the clerk to enter default against a party

from whom affirmative relief is sought when that party has "failed to plead or otherwise defend"

its case. Fed. R. Civ. P. 55(a).  When a plaintiff's claim is not for a sum certain, as in this case,

the plaintiff must apply to the Court for default judgment, and if the party against whom the

judgment is sought has appeared previously, that party must be served with written notice at least

seven days prior to any hearing.  Fed. R. Civ. P. 55(b)(2).  Further, Rule 55(b)(2) provides that:

> The court may conduct hearings or make referrals—preserving any federal statutory right
> to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pled allegations in a complaint as to liability are taken as true,

although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422

(D. Md. 2005).  Default judgments are to be granted sparingly, with consideration to be given to,

among other factors, the question of whether a less severe sanction would suffice.  *See, e.g.,*

*Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*,

673 F.2d 725, 727-28 (4th Cir. 1982).  Entry of default judgment is committed to the sound

discretion of the Court and shall be reviewed only for abuse of discretion.  *Lolatchy*, 816 F.2d at

953-54.

Ivyskin's first (and now withdrawn) motion relied on Rule 55(c), which states that the

Court "may set aside an entry of default for good cause, and it may set aside a default judgment

under Rule 60(b)."  The instant motion instead cites Rule 60(b) as a ground for setting aside the

default judgment.  This provision states:

**Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such a motion "must be made within a reasonable time—and for reasons

(1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the

proceeding." *Id.* 60(c)(1).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has

established a two-part framework that an applicant must satisfy to obtain relief under Rule 60(b).

First, "a moving party must show that his motion is timely, that he has a meritorious defense to

the action, and that the opposing party would not be unfairly prejudiced by having the judgment

set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Second, "[i]f

the moving party makes such a showing, he must then satisfy one or more of the six grounds for

relief in Rule 60(b)." *Id.* As grounds for setting aside the judgment, Ivyskin relies specifically

on subsection (b)(6) of Rule 60, "any other reason that justifies relief." ECF No. 32, at 1. This

"authorizes relief from judgments for any reason justifying relief other than those reasons set

forth in Rule 60(b)(1) through (5)." *Park Corp.*, 812 F.2d at 897. It requires a showing of

"extraordinary circumstances" to justify relief. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).

In the alternative to setting aside default judgment entirely and allowing the case to

proceed on the merits, Ivyskin requests that the amount of damages be reduced and that the

injunction be stricken pursuant to Rule 59(e). That provision states simply that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." The Fourth Circuit notes that such motions will be granted in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998)). However, relief under Rule 59(e) is an extraordinary remedy that should be granted sparingly. *Pac. Ins. Co.*, 148 F.3d at 403. Such motions may not be used "to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

### III. DISCUSSION

#### A. Rule 60(b)—Motion to set aside

As described above, to set aside the default judgment Ivyskin must first show that 1) its motion is timely, 2) it has a meritorious defense, and 3) TAG would not be unfairly prejudiced. The Court concludes that Ivyskin's motion is timely, as it was filed the day after the Court entered default judgment. The Fourth Circuit has applied the "meritorious defense" requirement somewhat liberally, stating that "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). This is a "minimal" burden. *Lewitzke v. W. Motor Freight*, No. 9:06-577, 2006 WL 2345986, at *5 (D.S.C. Aug. 11, 2006). Ivyskin has satisfied this low bar with its "Non-Infringement and Invalidity Report." ECF No. 39-1; 12-1. This report was prepared by a patent

attorney, is relatively thorough, and concludes both that there is no infringement and that one or more of the disputed patents may be invalid.

Finally, Ivyskin has also shown that TAG would not be unfairly prejudiced if default judgment were set aside. "In the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010). *See also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (non-moving party would suffer no more than "any party which loses a quick victory"); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) ("Delay alone is not a sufficient basis for establishing prejudice. . . . Nor does increased litigation cost generally support entry of default. . . . Instead, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. . . . Additionally, the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." (internal punctuation and quotations omitted)). TAG argues only that it will be forced to litigate the merits of this case after a long delay and some litigation costs, which is insufficient under this case law.

Although Ivyskin has met the first part of the test for setting aside default judgment pursuant to Rule 60(b), it has not satisfied the second part of the test, which requires it to show that relief is justified under one of the enumerated grounds of Rule 60(b). In this instance, Ivyskin relies on Rule 60(b)(6), ECF No. 39, at 6, a broad, catch-all provision that requires a showing of extraordinary circumstances. Ivyskin has not shown such extraordinary circumstances. In fact, it has not put forth any valid reason at all why it is entitled to relief. The Court was repeatedly lenient with Defendant, allowing three time extensions, setting aside a

9

previous entry of default, and allowing Mr. Panahi (Ivyskin's registered agent and founder) to proceed without counsel even though Ivyskin is an LLC. Inexplicably, Mr. Panahi waited until over two weeks *after* the hearing regarding the default judgment to retain counsel and make any filing in accordance with the applicable rules.

Defendant now contends that he was unaware of the nature of the proceedings, and thought that the June 26, 2014 hearing on TAG's motion for default judgment was an opportunity for him "to defend the case on the merits." ECF No. 39, at 5. But Mr. Panahi demonstrated sufficient knowledge of general legal proceedings and his obligations in this case to file repeated letters with this Court requesting time extensions so that he could obtain legal counsel to defend the suit, to ask for a venue transfer, and to obtain a report of non-infringement from a patent attorney. Moreover, Mr. Panahi, a licensed dentist, is a well-educated individual. Tr. 12. Therefore, his excessively belated claim of lack of knowledge and understanding is unavailing. Defendant also states that it has now has retained counsel as a reason for why default judgment should be set aside. But Defendant provides no explanation for waiting so long to do so. Because Ivyskin has not put forward any reason justifying revoking a final judgment, let alone shown extraordinary circumstances, it has failed to demonstrate it is entitled to relief under Rule 60(b)(6).

## B. Rule 59(e)—Motion to Amend

In the alternative, Defendant contends that damages, costs, and interest should be reduced from $68,409.68 to $10,700.68 because the damages calculation method TAG used was flawed. Further, Defendant asks the Court to set aside the permanent injunction because it is not justified on the merits. ECF No. 32. Defendant argues that this qualifies for relief under Rule 59(e) because it is necessary to "prevent manifest injustice."

Defendant cannot obtain relief under Rule 59(e) for two reasons. First, it is settled in the Fourth Circuit that Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Defendants' revenue figures supporting its lower damages figure as well as its arguments regarding whether permanent injunctive relief is justified are material that easily could have been provided in response to Plaintiff's Motion for Default Judgment. That motion included a calculation of proposed damages along with the justification for the injunctive relief, and was filed about six months prior to the Court's entry of judgment. But Mr. Panahi chose not to respond. Even though he is not an attorney, as the founder of Ivyskin and therefore one knowledgeable about the company's finances, he could have at least easily provided a rebuttal to the revenue figures Plaintiff relied upon in its damages calculations. But by Mr. Panahi's own admission, he chose to change his address without notification and deleted the emailed version of the motion. *See also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409-10 (4th Cir. 2010) (no abuse of discretion in denying a Rule 59 motion where the movant "was willfully blind to whether the opposing side had filed a dispositive motion").

Second, an alternative basis for denying Defendant's motion to amend is that doing so will not prevent a manifest injustice. Plaintiff does not specifically respond to Defendant's allegations of error. But the Court notes that it is not clear which party (if either) has the correct revenue figure. Plaintiff based its calculations on a January 2014 company profile of Ivyskin, as it was unable to obtain any figures from Ivyskin itself. ECF No. 18-6, ¶ 15. Defendant has belatedly provided what it states are accurate figures for the allegedly infringing products, but it uses simply an affidavit of Mr. Panahi. Moreover, although Defendant now claims Plaintiff's

calculations were erroneous as a matter of law because it used gross revenues as a royalty base rather than revenues for the infringing products only, that allegation is not clearly supported by Plaintiff's affidavit. See ECF No. 24-1 ("The schedule . . . represent[s] a reasonably royalty . . . for licensing rights *to the technology covered by the '412, '686, '783 Patents.*" (emphasis added)). Finally, as to the permanent injunction, Defendant similarly attempts to rehash the four-factor test without pointing to clear error.

Not only has Defendant failed to show that the relief accorded to Plaintiff in the original judgment was clearly erroneous, but the Court notes that such relief was significantly less than what Plaintiff had requested as an award. This is because the Court declined to award attorneys' fees and treble damages, and also narrowed the scope of the permanent injunction by eliminating the phrase "any products covered by those patents." *Compare* ECF No. 24, at 7 *with* ECF No. 29, at 12. Additionally, in light of Defendant's unexplained choice to retain counsel, the Court is now skeptical about its past repeated complaints that it lacked the ability to afford legal representation. Therefore, were the Court to reopen the matter of damages, it might be inclined to reconsider its decision to not award attorneys' fees. *See Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304-05 (Fed. Cir. 2009) ("[O]nly a limited universe of circumstances warrant a finding of exceptionality in a patent case: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.").

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Set Aside or Amend Default Judgment, ECF No. 31, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED**.

Norfolk, Virginia
August 2/, 2014

Raymond A. Jackson
**United States District Judge**